# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVEONTAY BROWN, #437818, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-01394-JPG |
| ST. CLAIR COUNTY JAIL, C/O HERNDON, CAPTAIN COLLINS, RICK WATSON, C/O MILLER, C/O BROWN, C/O WALT, WEXFORD HEALTH SERVICES, DR. LARSON and UNKNOWN PARTY, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Deveontay Brown, who is detained at St. Clair County Jail ("Jail"), filed this civil rights action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff complains that he was repeatedly assaulted by one or more defendants between 2016 and 2019. (Doc. 1, pp. 1-6). His only request for relief is the assignment of an attorney to represent him in this matter. (*Id*. at p. 6). In a Motion for Recent Additional Assault, Plaintiff describes another assault by non-parties that occurred in 2020. (Doc. 8, pp. 1-3). He seeks no additional relief. (*Id*.).

This matter is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen Plaintiff's Complaint and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

1

dismissed. 28 U.S.C. § 1915A(b). The Court cannot screen the Complaint, however, because Plaintiff has submitted two different versions—the Complaint (Doc. 1) and the Motion for Recent Additional Assault (Doc. 8). The Court does not accept piecemeal amendments to a complaint. In this particular case, Plaintiff's Complaint and Motion identify different groups of individuals who are responsible for different assaults on him. It is unclear whether Plaintiff wishes to pursue claims against the defendants identified in the Complaint, the individuals named in the Motion, or both. The decision of who to sue is Plaintiff's, not the Court's. Before this matter can proceed, Plaintiff must decide.

When making this decision, Plaintiff is reminded of his obligation under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, to exhaust all available administrative remedies against each defendant *before* bringing suit. The PLRA imposes a strict exhaustion requirement. This means that Plaintiff cannot pursue his claims against a defendant until he has properly exhausted all available remedies. Therefore, Plaintiff may need to bring presently-unexhausted claims in a separate action, after properly exhausting his remedies.

Once Plaintiff decides which defendants and claims to name in this suit, he should file an Amended Complaint that lists all defendants in the case caption and sets forth all claims he intends to pursue against them in the statement of his claim. The Amended Complaint will supersede and replace the original Complaint (Doc. 1) and Motion (Doc. 8), rendering both void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). For this reason, Plaintiff's Amended Complaint must stand on its own without reference to any previous pleading. The Court will defer its preliminary review of this matter until the deadline for filing the amended complaint (below) expires.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) and related request for representation by the Clerk of Court in a Supplement (Doc. 7) are **DENIED** without prejudice. Plaintiff has not demonstrated reasonable efforts to locate counsel or identified any impediments to self-representation. The Clerk of Court cannot represent him, and the Court will not assign counsel until Plaintiff first attempts to retain an attorney on his own.

Plaintiff is **GRANTED** leave to file an Amended Complaint on or before **March 13, 2020**. When preparing his Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "Amended Complaint," and list the case number for this action (No. 19-cv-01394-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and motion for recruitment of counsel.

The Court hereby **DEFERS** its preliminary review of this matter under 28 U.S.C. § 1915A until after the deadline expires for filing an Amended Complaint. Should Plaintiff fail to file an Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the Court will screen the original Complaint (Doc. 1) and dismiss the Motion for Additional Recent Assault (Doc. 8).

Plaintiff is again **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/18/2020**

                 s/J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **United States District Judge**