IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEVEONTAY BROWN, #437818,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-01394-JPG |
| ) | |
| **ST. CLAIR COUNTY JAIL,** ) | |
| **C/O HERNDON,** ) | |
| **CAPTAIN COLLINS,** ) | |
| **RICK WATSON,** ) | |
| **C/O MILLER,** ) | |
| **C/O BROWN,** ) | |
| **C/O WALT,** ) | |
| **WEXFORD HEALTH SERVICES,** ) | |
| **DR. LARSON, and** ) | |
| **UNKNOWN NURSES,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Deveontay Brown, an inmate at St. Clair County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983 for miscellaneous deprivations of his constitutional rights at the Jail. (Doc. 1, pp. 1-6). In the Complaint, Plaintiff claims that he was subjected to unsafe conditions at the Jail for four years. (*Id.*). He cites numerous examples of staff assaults, inmate assaults, and inadequate medical care. (*Id.*).

The Complaint[1] is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C.

---

[1] Screening of this matter was initially deferred when Plaintiff filed a Motion for More Recent Assault (Doc. 8), in which he sought to add parties and claims to the Complaint in piecemeal fashion. The Court explained that it does not accept piecemeal amendments to a complaint. (Doc. 13). Plaintiff was given additional time to file a First Amended Complaint, if he wished to incorporate new claims into this lawsuit. (*Id.*). He declined to do so. The Motion for More Recent Assault is therefore **DISMISSED without prejudice**. This Order focuses only on the Complaint. (Doc. 1).

1

§ 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). Before the Court screens the Complaint, however, it must first determinate whether any claims are improperly joined in this action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## The Complaint

In the Complaint, Plaintiff cites five separate instances when he was subjected to unsafe conditions at the Jail by various known and unknown individuals. (Doc. 1, pp. 1-6).

### First Incident

When he arrived at the Jail in 2016, Plaintiff requested housing in the infirmary for proper treatment of his bipolar disorder and schizophrenia. (*Id*. at p. 4). Medical and jail staff denied his request and placed him alongside dangerous detainees in L Block. Plaintiff was attacked by several inmates, who beat him in the face until he lost a tooth. Nurse Robin responded to his injuries by simply flushing his tooth down the toilet. (*Id*.).

### Second Incident

In March 2016, Officer Herndon handcuffed Plaintiff and repeatedly hit his head against a brick wall as Officer Miller stood and watched. (*Id*. at p. 2). Captain/Sergeant Collins then denied him medical care for his injuries. (*Id*.).

### Third Incident

In April 2019, Officer Brown removed Plaintiff from D Block, restrained his arm behind his back, and repeatedly hit his head against a wall. (*Id*. at p. 4).

### Fourth Incident

Also in April 2019, Officer Walt falsely accused Plaintiff of passing weed to other detainees. (*Id*. at pp. 5-6). When Plaintiff asked Officer Herndon to intervene on his behalf, Herndon encouraged Officer Walt to punch Plaintiff. Officer Herndon then disciplined Plaintiff by placing him in "max housing." (*Id*.).

### Fifth Incident

On October 15, 2019, Plaintiff returned to the Jail following a serious traffic accident that caused him to suffer a heart attack, fractured hand, broken nose, and concussion. (*Id*. at p. 5). He requested placement in the infirmary. Medical and jail staff denied his request. Plaintiff was instead placed in Annex AB, where he was attacked by inmates. Plaintiff sustained a chest injury during the attack. (*Id*.).

Based on these allegations, the Court finds it convenient to reorganize the *pro se* Complaint into the following enumerated Counts:

> **Count 1:** Unknown medical and jail staff denied Plaintiff proper mental health treatment when they placed him in L Block instead of the infirmary upon his arrival at the Jail in 2016, in violation of Plaintiff's constitutional rights.
>
> **Count 2:** Nurse Robin denied Plaintiff proper medical care following an inmate attack in 2016 when she simply flushed his tooth down the toilet instead of treating his injuries, in violation of Plaintiff's constitutional rights.
>
> **Count 3:** Officer Herndon subjected Plaintiff to excessive force by ramming his head into the wall in March 2016.
>
> **Count 4:** Officer Miller failed to intervene when Officer Herndon used excessive force against Plaintiff in March 2016, in violation of Plaintiff's constitutional rights.
>
> **Count 5:** Officer Herndon, Officer Miller, and Captain/Sergeant Collins denied Plaintiff medical care for his injuries in March 2016, in violation of Plaintiff's constitutional rights.

> **Count 6:** Officer Brown subjected Plaintiff to excessive force by ramming his head into a wall in April 2019, in violation of Plaintiff's constitutional rights.
>
> **Count 7:** Officers Walt and Herndon punished Plaintiff with placement in "max housing" based on false accusations of drug trafficking in April 2019, in violation of Plaintiff's constitutional rights.
>
> **Count 8:** Unknown medical and jail staff denied Plaintiff's request for housing in the Jail's infirmary following a serious traffic accident in October 15, 2019 and instead placed him in Annex AB where he was attacked and further injured, in violation of Plaintiff's constitutional rights.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

### Preliminary Dismissals

Plaintiff names the following defendants in the case caption, but he fails to mention them in the statement of his claim: St. Clair County Jail, Rick Watson, Wexford Health Services, Dr. Larson, and Unknown Nurses. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, these defendant shall be dismissed without prejudice.

### Severance

Plaintiff's claims involve five separate groups of defendants, five separate transactions or occurrences, and no common questions of fact. They cannot proceed together in the same suit. *See* FED. R. CIV. P. 18, 20(a)(2). District courts must apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

The Court will exercise its discretion and sever the claims arising from separate incidents into four additional suits, as follows:

### Severed Case No. 1:

**COUNT 3** against Officer Herndon for subjecting Plaintiff to excessive force by hitting his head against a wall in March 2016.

**COUNT 4** against Officer Miller for failing to intervene when Officer Herndon used excessive force against Plaintiff in March 2016.

**COUNT 5** against Officer Herndon, Officer Miller, and Captain/Sergeant Collins for denying Plaintiff medical care for his injuries in March 2016.

### Severed Case No. 2:

**COUNT 6** against Officer Brown for subjecting Plaintiff to excessive force by ramming his head into a wall in April 2019.

### Severed Case No. 3:

**COUNT 7** against Officers Walt and Herndon for punishing Plaintiff with placement in "max housing" based on false accusations of drug trafficking in April 2019.

### Severed Case No. 4:

**COUNT 8** against unknown medical and jail staff for denying Plaintiff's request for housing in the Jail's infirmary following a serious traffic accident in October 15, 2019 and instead placing him in Annex AB where he was attacked and further injured.

The Clerk will be directed to open Severed Cases No. 1, 2, 3, and 4. Plaintiff will be responsible for paying the filing fee for each severed case, unless he timely advises the Court that he does not wish to proceed with the action(s). Counts 1 and 2 will remain in this action and are subject to Section 1915A review in a separate court order.

### Disposition

**COUNTS 3, 4,** and **5** are **SEVERED** into a new case, which shall be captioned: **DEVEONTAY BROWN, Plaintiff vs. OFFICER HERNDON, OFFICER MILLER, and CAPTAIN/SERGEANT COLLINS, Defendants.**

5

**COUNT 6** is **SEVERED** into a new case, which shall be captioned: **DEVEONTAY BROWN, Plaintiff vs. OFFICER BROWN, Defendant.**

**COUNT 7** is **SEVERED** into a new case, which shall be captioned: **DEVEONTAY BROWN, Plaintiff vs. OFFICER WALT and OFFICER HERNDON, Defendants.**

**COUNT 8** is **SEVERED** into a new case, which shall be captioned: **DEVEONTAY BROWN, Plaintiff vs. UNKNOWN MEDICAL STAFF and UNKNOWN JAIL STAFF, Defendants.**

The Clerk is **DIRECTED** to file the following documents in each newly-severed case:

1) The Complaint (Doc. 1);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) This Memorandum and Order Severing Case.

**IT IS ORDERED** that Defendants **HERNDON, MILLER, COLLINS, BROWN,** and **WALT** are **DISMISSED** with prejudice from this action, and Defendants **ST. CLAIR COUNTY JAIL, RICK WATSON, WEXFORD HEALTH SERVICES, DR. LARSON,** and **UNKNOWN NURSES** are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** these Defendants as parties to *this action* in CM/ECF.

The **only claims remaining in this action** are **COUNTS 1** and **2** against Defendants **UNKNOWN JAIL STAFF, UNKNOWN MEDICAL STAFF, and NURSE ROBIN**. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **DEVEONTAY BROWN, Plaintiff vs. UNKNOWN JAIL STAFF, UNKNOWN MEDICAL STAFF, and NURSE ROBIN, Defendants.** The Court will screen Counts 1 and 2 pursuant to 28 U.S.C. § 1915A in a separate Order.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED: 4/30/2020**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **United States District Judge**