IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEVEONTAY BROWN, #437818,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-01394-JPG |
| ) | |
| **UNKNOWN JAIL STAFF,** ) | |
| **UNKNOWN MEDICAL STAFF,** ) | |
| **and NURSE ROBIN,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Deveontay Brown is an inmate at St. Clair County Jail ("Jail") and brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at the Jail in 2016. (Doc. 1, pp. 1-6). Plaintiff's Complaint was screened on April 30, 2020, and resulted in severance of numerous claims into new suits. (*See* Doc. 14). The only two claims that remain in this action pertain to Plaintiff's placement in L Block instead of the Jail's infirmary in 2016 (Count 1) and the denial of medical care for injuries Plaintiff sustained in an inmate attack in L Block (Count 2). (*See* Docs. 1 and 14). Plaintiff includes no request for relief in the Complaint.[1] (Doc. 1, p. 6).

Counts 1 and 2 are now subject to screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations in the *pro se*

---

[1] Plaintiff's omission of a specific request for relief is not fatal to the Complaint at this stage. *See Godfrey v. Easton,* 702 F.3d 469, 471 (7th Cir. 2017); Fed. R. Civ. P. 54(c).

1

Complaint are liberally construed in favor of the plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in support of Counts 1 and 2: When Plaintiff arrived at St. Clair County Jail in 2016, he requested housing in the infirmary for treatment of his bipolar disorder and schizophrenia. (Doc. 1, p. 4). Medical and jail staff denied his request. (*Id.*). Plaintiff was instead forced to live alongside dangerous detainees in L Block. (*Id.*). At some point, he was attacked by several inmates, who beat him in the face and caused him to lose a tooth. (*Id.*). Instead of treating his injuries, Nurse Robin simply flushed Plaintiff's tooth down the toilet. (*Id.*).

The Court previously recognized the following enumerated Counts in the *pro se* Complaint:

> **Count 1:** Unknown medical and jail staff denied Plaintiff proper mental health treatment when they placed him in L Block instead of the infirmary upon his arrival at the Jail in 2016, in violation of Plaintiff's constitutional rights.
>
> **Count 2:** Nurse Robin denied Plaintiff proper medical care following an inmate attack in 2016 when she simply flushed his tooth down the toilet instead of treating his injuries, in violation of Plaintiff's constitutional rights.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

The applicable legal standard for both claims depends on Plaintiff's legal status at the time of the events giving rise to this action. If he was a pretrial detainee, his claims are governed by the Fourteenth Amendment Due Process Clause, which prohibits all forms of punishment of detainees. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)). If he was a prisoner, his

claims are governed by the Eighth Amendment, which prohibits cruel and unusual punishment of convicted persons. *Id*.

### Count 1

Count 1 does not survive screening under either standard. Section 1983 liability hinges on personal responsibility for the deprivation of a constitutional right. *Colbert v. City of Chicago*, 851 F.3d 649 (7th Cir. 2017). Plaintiff does not name any particular person in connection with this claim. He names a poorly defined group of "unknown medical staff" and unknown jail staff" for refusing him placement in the Jail's infirmary and thereby denying him appropriate mental health treatment. (Doc. 1). However, he must identify the specific individuals who were actually responsible for these decisions.

If Plaintiff does not know the name of each individual responsible for the constitutional deprivation, he may refer to the person using a fictitious name, such as John Doe or Jane Doe. *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980). The Court will assist the plaintiff in discovering each individual's name during the course of litigation. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 n. 3 (7th Cir. 1996) (collected cases); *see also K.F.P. v. Dane County,* 110 F.3d 516, 519 (7th Cir. 1997). However, Plaintiff cannot pursue a claim against a large group of unspecified defendants, such as "unknown medical staff" and "unknown jail staff." Accordingly, Count 1 shall be dismissed without prejudice from this action.

### Count 2

Count 2 survives screening under both legal standards cited above. A Fourteenth Amendment due process claim challenging the denial of medical care involves two inquiries. The first "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann*

*v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted).  The second asks "whether the challenged conduct was objectively reasonable." *Id*.

The Eighth Amendment standard also involves two components.  Plaintiff must demonstrate that he suffered a sufficiently serious medical condition (an objective standard) and also show that the defendant responded to it with deliberate indifference (a subjective standard). *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).

Nurse Robin's decision to provide Plaintiff with virtually no treatment for the injuries he sustained in an inmate attack supports claims against this defendant under either standard.  Accordingly, Count 2 shall receive further review against the nurse.

## Identification of Nurse Robin

Plaintiff shall be allowed to proceed with Count 2 against Nurse Robin.  However, this defendant must be identified with particularity before service of the Complaint can be made on the nurse.  The plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants.  *Rodriguez*, 577 F.3d at 832.  In this case, the St. Clair County Jail Administrator will be added as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying the defendant.  Once the name is discovered, Plaintiff must file a motion to substitute the newly-identified defendant in place of the generic designations in the caption and Complaint.

## Disposition

**IT IS ORDERED** that **COUNT 2** survives screening against Defendant **NURSE ROBIN**. **Pursuant to Administrative Order No. 244, Defendant Nurse Robin need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a

claim for relief. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **UNKNOWN JAIL STAFF** and **UNKNOWN MEDICAL STAFF** as parties to this action in CM/ECF.

The Clerk of Court is **DIRECTED** to **ADD** the **ST. CLAIR COUNTY JAIL ADMINISTRATOR (official capacity)** as a defendant, and this defendant must respond to discovery aimed at identifying Nurse Robin with specificity. **The Jail Administrator need only enter an appearance and will receive further instruction on discovery at a later date.**

**Because this case arises from the alleged denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

The Clerk of Court shall prepare for Defendant **NURSE ROBIN (once identified)** and Defendant **ST. CLAIR COUNTY JAIL ADMINISTRATOR (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant; the Court will require the defendant to pay the costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be kept in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/4/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.