# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVEONTAY BROWN, #437818,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-01394-JPG |
| | ) |
| **ST. CLAIR COUNTY JAIL** | ) |
| **ADMINISTRATOR/SHERIFF** | ) |
| **and NURSE ROBIN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Daveontay Brown filed this action pursuant to 42 U.S.C. § 1983 on December 26, 2019, for alleged violations of his constitutional rights at St. Clair County Jail. (Doc. 1). The Complaint survived screening pursuant to 28 U.S.C. § 1915A. (Doc. 15). Plaintiff was allowed to proceed with a single claim against Nurse Robin for failing to provide him with adequate medical care following an inmate attack in 2016 ("Count 2"). (*Id*.). The St. Clair County Jail Administrator/Sheriff was added as a defendant, in his or her official capacity only, for purposes of responding to discovery aimed at identifying Nurse Robin with particularity before service of this suit could be made on the nurse. (*Id*. at 4-5).

On June 17, 2020, the Court entered a Scheduling Order (Doc. 24) that required Plaintiff to identify Nurse Robin. (Doc. 24). Plaintiff was given until July 17, 2020, to file a Notice setting forth any information he possesses to help identify Nurse Robin. (*Id*.). Sheriff Watson was given until July 31, 2020, to provide Plaintiff with additional identifying information for this individual. (*Id*.). Plaintiff was then required to file a Motion for Substitution no later than August 17, 2020. (*Id*.). The Scheduling Order was returned to the Court undeliverable on July 6, 2020. (Doc. 26).

On August 5, 2020, St. Clair County Sheriff Richard Watson filed a Notice with the Court in compliance with the Scheduling Order.  (Doc. 27).  He identified Nurse Robin as "Robin McClintock."  (*Id.*).  However, Sheriff Watson indicated that Plaintiff was released from the custody of the St. Clair County Jail on June 13, 2020, and he never communicated with counsel about the identification of this defendant.  (*Id.*).  Plaintiff subsequently missed the deadline for filing a Motion for Substitution with the Court on August 17, 2020.  (*Id.*).

On August 18, 2020, the Court entered the following Order to Show Cause:

ORDER TO SHOW CAUSE: Plaintiff has not identified Nurse Robin with particularity, and the deadline for doing so passed on August 17, 2020. Plaintiff has also failed to provide the Court with his updated address in violation of several orders to do so. (See Docs. 4, 14, and 15). One or more documents mailed to Plaintiff by the Court have been returned as undeliverable. (See Docs. 24 and 26). Plaintiff is hereby ORDERED to SHOW CAUSE on or before AUGUST 27, 2020, why Nurse Robin and this case should not be dismissed as a whole for failure to comply with a court order and to prosecute his claims. Plaintiff's failure to respond to this Order will result in dismissal of the case pursuant to Fed. R. Civ. P. 41(b).

(Doc. 28).  On or before August 27, 2020, Plaintiff was required to demonstrate why Nurse Robin and this action should not be dismissed based on his failure to identify the defendant and update his address.[1]  (*Id.*).  A copy of this Order was sent to Plaintiff at his last known address.

Plaintiff's deadline for responding to the show cause order expired a week ago.  He has not responded.  On August 31, 2020, Plaintiff's copy of the show cause order was returned to the court undeliverable.  (Doc. 29).

The Court will not allow this matter to linger indefinitely.  The Court finds that Plaintiff has failed to timely identify Nurse Robin, update his address, and prosecute his claims as ordered in Documents 4, 14, 15, 24, and 28.  This action shall be dismissed with prejudice based on

---

[1] In numerous court orders, Plaintiff was advised of his ongoing obligation to update his address. (*See* Docs. 4, 14, 15).  He was explicitly instructed to notify the Court, in writing, of any address changes within seven (7) days of said change.  (*Id.*).  He was warned that failure to do so would result in dismissal of this action for failure to comply with a court order and for failure to prosecute his claims.  (*Id.*) (citing FED. R. CIV. P. 41(b)).  The Court has received no updated address from Plaintiff since his release from the custody of St. Clair County Jail on June 13, 2020.

2

Plaintiff's failure to comply with the Court's Orders to update his address (Docs. 4, 14, 15, and 24), his failure to respond to the Court's Order to Show Cause (Doc. 28), and his failure to prosecute his claim in Count 2. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

### Disposition

**IT IS ORDERED** that Defendants **NURSE ROBIN** and **ST. CLAIR COUNTY JAIL ADMINISTRATOR/SHERIFF** (official capacity only) and this action are **DISMISSED** with prejudice, based on Plaintiff's failure to comply with multiple Court Orders (Docs. 4, 14, 15, 24, and 28) and his failure to prosecute his claim(s) herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 2, 2020**

s/J. Phil Gilbert
J. PHIL GILBERT
**United States District Judge**

3